■ EILEEN C. GELBMAN, Respondent, v. JOEL C. GELBMAN, Appellant.— In an action in which a judgment of divorce was granted to the plaintiff wife on August 6, 1970, defendant appeals from (1) an order of the Supreme Court, Kings County, entered March 2, 1972 after a hearing, which (a) denied his motion to modify the judgment as to his visitation rights with the parties' two children and so as to reduce the support payments and (b) on plaintiff's cross motion *inter alia* modified the judgment, by increasing the support payments from $100 a week to $193 a week, and awarded plaintiff $4,843 as arrears in support from January 1, 1971 to June 30, 1971 and $2,500 as counsel fees in connection with the motion and cross motion; and (2) the judgment of the same court entered March 3, 1972 for said support arrears. Order modified, on the law and the facts, by (a) striking therefrom the second to fifth decretal paragraphs, inclusive, which increased the support payments and awarded plaintiff $4,843 as arrears in support, and (b) reducing the counsel fee award to $1,500. As so modified, order affirmed, without costs and without prejudice to plaintiff's right to renew her application upon her receipt of a copy of defendant's tax return for the year 1971. Judgment of March 3, 1972 reversed, on the law and the facts, without costs. In our opinion, Special Term erred in granting plaintiff's cross motion for an award of arrears in support payments for the first six months of 1971 and for an increase in weekly support payments based on defendant's alleged increase in income for 1971. The provisions of the divorce judgment clearly envision a yearly review of defendant's financial status upon receipt by plaintiff of defendant's tax return for a given calendar year. Upon such yearly times, plaintiff will be in a positioin to ascertain the increase, if any, in defendant's "net income after taxes" and to make appropriate applications for increased support. However, Special Term found that defendant's income had increased in the year 1971 solely on the basis of a court-ordered audit which only covered defendant's financial condition for the first six months of 1971. Such a finding by Special Term was prematurely made and could not accurately reflect defendant's financial condition for the whole of 1971. Consequently, the increase of the support award and the award of arrears, based on defendant's alleged increased income for 1971, should be reversed, without prejudice to plaintiff's right to renew her application upon receipt of a copy of defendant's tax return for the calendar year 1971. In any event, we note that Special Term incorrectly computed the amount of the arrears and the increase in support payments. The divorce judgment calls for an increase in support payments in the amount of "forty per cent of any increase of such net income after taxes". Nevertheless, the record indicates that Special Term computed 40% of defendant's gross income after taxes for 1971, without even deducting business expenses, based on figures in the audit covering only the first six months of 1971. Finally, the award of counsel fees was excessive to the extent indicated herein. Hopkins, Acting P. J., Munder, Martuscello, Gulotta and Brennan, JJ., concur.